## No. 10,507.

### COOK *v.* COOK, ET AL.

Decided December 3, 1923. Rehearing denied January 7, 1924.

Action to compel election under different wills. Judgment determining interest of respective heirs to real property, and quieting title thereto.

### *Reversed.*

1. APPEAL AND ERROR—*Mixed Questions of Law and Fact.* Mixed questions of law and fact presented for determination, must be decided by the trial court, and where left undecided, the cause will be remanded for additional findings.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hershey, Judge.*

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, Mr. FLOYD F. MILES, for plaintiff in error.

Mr. C. H. PIERCE, Mr. JOHN J. MORRISSEY, Mr. CHARLES T. MAHONEY, Mr. WILLIAM H. SCOFIELD, for defendants in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as in the trial court where plaintiff in error was defendant and defendants in error were plaintiffs.

Defendant's husband George Cook (now deceased), was a beneficiary under the will of his father, and she was a beneficiary under the will of his mother. This action was brought to compel her to elect under which she would take. This writ is prosecuted to review the judgment which simply found the interests of the respective heirs of both testators in all the real property left by them and quieted title thereto.

James A. Cook and his wife, Clara Cook, were the father and mother of plaintiffs and defendant's husband. The father died in 1870. He apparently willed to his wife an estate for life or while she remained single (she never remarried) in his real estate, remainder to his three sons. George, defendant's husband, died intestate in 1901 leaving defendant as his sole heir. Mary Cook died in 1918. By her will she devised a certain forty acre tract (N. E. of S. W. 31-2-67) to her son Charles and directed him to pay defendant $100.00 per annum for five years out of the rents and profits thereof, making said sum a charge against the premises. Said tract was one of those alleged to have been included in the will of the father. The will of the mother treated her supposed life estate therein as a fee. It was also contended that after the death of the father the mother and her three sons entered into an agreement by which all the land was divided and the tract in question allotted to George. It is undisputed that after the death of George, deeds were made in accordance with said alleged agreement, of which the only one undelivered was that to defendant. By the decree herein it is held that the abovementioned tract belonged to the father in his lifetime and plaintiffs and defendant are each given an undivided one-third interest therein. The decree does not mention the alleged agreement, the deeds made under it, or the question of election, and hence leaves undecided, unless by mere inference, the principal questions in litigation. These are mixed questions of law and fact. We express no opinion upon them. They must be decided by the trial court.

Plaintiff James Cook filed a separate pleading in which he admitted the contract of partition and that the tract in question was thereby allotted to George, who thereupon took and retained possession thereof until the time of his death. To that tract James Cook (who by decree is given an undivided one-third interest therein), at least up to the time of the final submission of this cause, made no claim. He can have no interest therein consistent with his theory of the transaction in question, nor be awarded what others

claim and he does not. The tract must be otherwise disposed of by the trial court and the facts upon which such disposition is made be found.

As we are unable to finally decide this cause in the present state of the record we have scarcely hinted at the numerous and conflicting contentions, material and immaterial, dragged into it as it wends its way toward us from the hoary antiquity of fifty-three years. It seems to have been originally aborted into court by the filing, by defendant's attorney, of a copy of a complaint, which had been served upon him but not filed by plaintiffs themselves, which James Cook promptly repudiated. At some time (not disclosed by the abstract) during the pendency of these proceedings James filed what he calls his "complaint and replication," the allegations whereof are generally contrary to those set up by the plaintiff Charles K. Cook. James therefore might be denominated a plaintiff *de jure* and defendant *de facto*. The facts of this case were at best complicated, the pleadings further tangled them and the findings of the court aid us little in following their devious threads.

The judgment is reversed and the cause remanded for additional findings as to the material facts and further proceedings not inconsistent herewith.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN concur.